IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTHONY JAMES FLOYD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Civil Action No. 1:18-mc-0032 (AJT/MSN) |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

## ORDER

*Pro se* Petitioner Anthony James Floyd has filed a Petition to Quash 3rd Party Summons [Doc. 1] ("the Petition to Quash") in which he seeks an order from this Court quashing a summons issued by the Internal Revenue Service ("IRS") to Navy Federal Credit Union to produce banking records pertaining to accounts held by Petitioner, in connection with the IRS's investigation of Petitioner. The IRS has filed a Motion to Summarily Dismiss Petition to Quash Third-Party Summons [Doc. 5] ("the Motion"). For the reasons discussed below, the Motion is GRANTED and the Petition to Quash is DISMISSED.

### I. BACKGROUND

Petitioner is a citizen of Texas. [Doc. 2 at 2]. According to IRS Special Agent Robert De Los Santos, an investigator assigned to the matter, Petitioner prepares tax returns for himself and others. [Doc. 6-1 at ¶ 3]. The IRS has initiated an investigation into whether Petitioner "is willfully filing or aiding or abetting the filing of false or fraudulent tax returns" and is examining whether he committed a violation of the Internal Revenue Code during the 2013 to 2017 tax years. *Id.* Pursuant to that investigation, on August 27, 2018, the IRS issued a summons to Navy Federal Credit Union, with whom Petitioner maintains bank accounts, seeking all records

pertaining to "all accounts in which [Petitioner] had signatory authority and/or the right of withdrawal" from December 31, 2012 to the present time. [Doc. 6-2].

Petitioner filed the Petition to Quash on September 17, 2018. [Doc. 1]. In it, he alleges that the summons is invalid because no legitimate investigative purpose appears on its face, is unnecessary because the IRS already has "all relevant information to determination of whether Floyd may be liable under any internal revenue statute," and that the IRS and Special Agent De Los Santos are "using the summons power to harass and pressure Floyd, for reasons unknown to Floyd at this time, and for purposes that are wholly illegitimate to the spirit and intent of the law." *Id.* at ¶ 9. The IRS filed the Motion on December 21, 2018, in which it argues that summary dismissal of the Petition to Quash is warranted because the IRS has met its burden to show that it acted in good faith in issuing the summons, that Special Agent De Los Santos and the IRS are not proper parties to the action, and because Petitioner failed to properly serve all Defendants pursuant to Federal Rule of Civil Procedure 4. [Doc. 5 at 1–2].

## II. LEGAL STANDARD

The IRS has statutory authority to issue an administrative summons to a taxpayer or third party in order to gather information related to a tax investigation. 26 U.S.C. §§ 7602(a)–(c), 7603(b). It does not need probable cause to do so. *United States v. Powell*, 379 U.S. 48, 57 (1964). Rather, the IRS "can investigate merely on suspicion that the law is being violated." *Id.* at 57. Upon issuance of a summons to a third party, the IRS must notify the taxpayer who is the subject of the investigation. 26 U.S.C. § 7609(a). However, this power is limited to the purposes established in § 7602. It may not be used for improper purposes, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute." *Powell*, 379 U.S. at 58.

When, as here, a taxpayer files a petition to quash an IRS summons, the IRS can demonstrate the validity of the summons by showing that: (1) "the investigation will be conducted pursuant to a legitimate purpose"; (2) "the inquiry may be relevant to the purpose" of the investigation; (3) "the information sought is not already within the Commissioner's possession"; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code. *Powell*, 379 U.S. at 57–58; *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987). The IRS can make out a *prima facie* case that the summons is valid by providing an affidavit "of an agent involved in the investigation" that "aver[s] the *Powell* good faith elements." *Alphin*, 809 F.2d at 238 (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981)).

Thereafter, "the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process"; the petitioning party "bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." *Id.* (citation omitted). Where warranted, the court may hold an evidentiary hearing, but such a hearing is not an automatic right. *Id.* To merit a hearing, the petitioner must allege specific facts, supported by affidavits, from which wrongful conduct by the IRS can be reasonably inferred. *Id.*

### III. ANALYSIS

The IRS has met the four requirements to make out a *prima facie* case that its summons to Navy Federal Credit Union is valid, and Petitioner has failed to allege facts from which it can be reasonably inferred that the IRS has engaged in wrongful conduct. Petitioner has therefore failed to show that an evidentiary hearing is warranted.

## A. The IRS's *Prima Facie* Case

### 1. Purpose of the Summons's Issuance

The IRS may issue a summons for, among other things, the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax," and "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a), (b). Special Agent De Los Santos states in his declaration that he is investigating whether Petitioner "has committed an offense connected with the administration or enforcement of the internal revenue laws, including violations of 26 U.S.C. § 7206(1) and (2) for the years 2013-17, and the accuracy of his federal income tax returns for those years." [Doc. 6-1 at ¶ 2]. This averment is sufficient to satisfy the first prong of the *Powell* standard for establishing a *prima facie* case.

### 2. Relevance of the Records Sought

Special Agent De Los Santos states in his declaration that the bank records sought "pertain to Floyd's tax preparation business and the verification of his personal income, and may shed light on whether he is accurately reporting income, expenses or other items on federal income tax returns." *Id.* at ¶ 8. Clearly, these bank records may be instructive as to Petitioner's business income and expenditures for the years in question, and therefore "may be relevant to the purpose" of the investigation. *Powell*, 379 U.S. at 57–58. The IRS has therefore satisfied the second prong.

### 3. Whether the IRS Possesses the Records

Special Agent De Los Santos avers in his declaration that the IRS does not possess the bank records sought, [Doc. 6-1 at ¶ 7]; and the Court can conceive of no reason that it would

4

have access to such personal banking records. Accordingly, the IRS has satisfied the third prong of the *Powell* standard.

### 4. Whether the IRS Followed Internal Revenue Code Procedure

As to the fourth *Powell* factor, Special Agent De Los Santos avers that he followed all applicable administrative steps in issuing the summons, *id.* at ¶ 10; and there is no suggestion in the available record that it was not properly served on or noticed to the affected parties. Therefore, the IRS has met this final prong.

## B. Petitioner's Showing

The IRS having met its burden to establish a *prima facie* case that it complied with all of the elements of a valid summons set forth in *Powell*, the burden now shifts to Petitioner to rebut the presumption of the summons's validity or demonstrate that the summons would be an abuse of the Court's process. *Alphin*, 809 F.2d at 238. "In order to be entitled to a hearing, the party challenging the summons must allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS." *Id.* Petitioner has not alleged such facts or provided such supporting documents and has therefore failed to meet his burden.

In support of the Petition to Quash, he raises three grounds: (1) "Special Agent Robert De Los Santos is using the summons power to harass and pressure Floyd . . . for reasons wholly illegitimate to the spirit and intent of the law"; (2) the IRS and Special Agent De Los Santos "specifically are aware that there is no legal basis of any kind that would support the issuance of a summons as evidence[d] by the complete absence of any citation to any legitimate basis for the issuance of the summons on its face"; and (3) "[t]he IRS already possesses all relevant

5

information to determination of whether Floyd may be liable" under the tax laws. [Doc. 1 at ¶ 9].

Petitioner's allegation that Special Agent De Los Santos is "harass[ing] and pressur[ing]" him is unsupported by specific allegations, affidavits, or other supporting documents. Standing alone, this conclusory allegation is not sufficient to carry Petitioner's burden of rebuttal. *See United States v. Clarke*, 573 U.S. 248, 254 (2014) ("Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge."). As to his claim that the summons lacks any citation to legal authority or the basis of its issuance on its face, there is no requirement that the summons contain such information. This therefore cannot serve as circumstantial evidence of an improper purpose on the IRS's part. Finally, as to Petitioner's conclusory allegation that the IRS contains all of the information relevant to Petitioner's potential liability, he has not provided any information showing or giving rise to the inference that the IRS has some other means with which to validate the income and expenses Petitioner, a business owner, claimed on his tax returns from 2013 to 2017 other than by reviewing his banking records. Nor has he provided any information suggesting that his banking records are irrelevant to the IRS's investigation.

For these reasons, Petitioner has failed to show that the IRS acted with an improper purpose when it issued the third-party summons to Navy Federal Credit Union.

### IV. CONCLUSION

Accordingly, it is hereby

ORDERED that the United States' Motion to Summarily Dismiss Petition to Quash Third-Party Summons [Doc. 5] be, and the same hereby is, GRANTED; and it is further

ORDERED that Petitioner Anthony James Floyd's Petition to Quash 3rd Party Summons [Doc. 1] be, and the same hereby is, DISMISSED.

**This is a Final Order for purposes of appeal.** To appeal, Petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order as required by Rules 3 and 4 of the Federal Rules of Appellate Procedure. A written notice of appeal is a short statement stating a desire to appeal this Order along with the date of the Order Petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to forward a copy of this Order to all counsel of record and to *pro se* Petitioner.

/s/
Anthony J. Trenga
United States District Judge

April 2, 2019
Alexandria, Virginia